IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:13-cr-194-GBL-3 |
| ABEDERRAHMANE ABOULHORMA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Abederrahmane Aboulhorma's Motion for Downward Variance from the Sentencing Guidelines ("Motion for Downward Variance") (Doc. 68). This case arises from Defendant's guilty plea to one count of Conspiracy to Export Five Kilograms or more of Cocaine in violation of 21 U.S.C. §§ 953, 963. The issue before the Court is whether the Government bears the burden of proving, beyond a reasonable doubt, that Defendant is ineligible for "safety-valve" relief under 18 U.S.C. § 3553(f)(5). The Court DENIES Defendant's Motion for Downward Variance because the Government does not bear the burden of proving that Defendant is ineligible for safety-valve relief as the granting or denial of the safety valve does not increase the statutory minimum or maximum sentence under *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

I. **BACKGROUND**

On June 18, 2014, Defendant Abederrahmane Aboulhorma plead guilty to one count of Conspiracy to Export Five Kilograms or more of Cocaine in violation of 21 U.S.C. §§ 953, 963. Defendant argues that if the safety valve applied, his total offense level would be reduced by two points, lowering the applicable sentencing guidelines range. (*See* Doc. 68 at 1.) Post-*Booker*,

these guidelines are advisory and not mandatory. *See Booker v. United States*, 543 U.S. 220 (2005). Defendant suggests that the Government cannot meet its burden of proving that the Defendant is ineligible for safety-valve relief. (Doc. 68 at 1.) Specifically, Defendant submits that its Motion for Downward Variance should be granted because the Government must affirmatively prove that Defendant was not truthful in providing the Government with all evidence and information Defendant has about the offense and related offenses. *See* 18 U.S.C. § 3553(f)(5). The Government disputes this, arguing that it is not required to affirmatively prove the Defendant's ineligibility for safety-valve relief. (*See* Doc. 78.)

## II. DISCUSSION

The Court DENIES Defendant's Motion for Downward Variance because the Government does not bear the burden of proving that Defendant is ineligible for safety-valve relief as the granting or denial of the safety valve under the United States Sentencing Commission Guidelines, *see* UNITED STATES SENTENCING COMMISSION, GUIDELINES MANUAL § 5C1.2 (Nov. 2014), does not increase the statutory minimum or maximum sentence under *Alleyne*. First, in *Alleyne v. United States* the Supreme Court held that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), any fact that increases the mandatory minimum sentence is an "element" that must be submitted to the jury (and thus proven by the Government beyond a reasonable doubt). 133 S. Ct. 2151. Both *Alleyne* and *Apprendi* deal with facts affecting the minimum and maximum sentence prescribed by statute. *Alleyne*, 133 S. Ct. at 2161 ("It is indisputable that a fact triggering a mandatory minimum alters the *prescribed range of sentences* to which a criminal defendant is exposed . . . . Moreover, it is impossible to dispute that facts increasing the legally prescribed floor aggravate the punishment." (emphasis added)); *Apprendi*,

2

530 U.S. at 490 (concluding that "facts that increase the *prescribed range of penalties* to which a criminal defendant is exposed" are elements of the crime (emphasis added)).

Second, "[w]hen applicable, the safety valve provision permits a district court to impose a shorter sentence for first-time offenders who otherwise would be subject to a mandatory minimum sentence." *United States v. Henry*, 673 F.3d 285, 292 (4th Cir. 2012) (citing 18 U.S.C. § 3553(f); *United States v. Withers*, 100 F.3d 1142, 1146 (4th Cir. 1996)). In order for the safety valve to apply a defendant must establish the following:

> (1) he does not have more than one criminal history point; (2) he did not use or threaten violence or possess a firearm or other dangerous weapon; (3) the offense did not result in death or serious bodily injury; (4) he was not an organizer, leader, manager, or supervisor of others; and (5) *he truthfully provided the government with all evidence and information about the offense and related offenses.*

*United States v. Aidoo*, 670 F.3d 600, 605 (4th Cir. 2012) (emphasis added) (citing 18 U.S.C. § 3553(f)).

In the Fourth Circuit the "defendant bears the burden of 'prov[ing] that the prerequisites for application of the safety valve provision, *including truthful disclosure*, have been met." *Aidoo*, 670 F.3d at 605 (quoting *United States v. Beltran-Ortiz*, 91 F.3d 665, 669 (4th Cir. 1996)) (citing *United States v. Alvarado-Rivera*, 412 F.3d 942, 947 (8th Cir. 2005) (en banc); *United States v. Marquez*, 280 F.3d 19, 23 (1st Cir. 2002); *United States v. Gambino*, 106 F.3d 1105, 1110 (2d Cir. 1997); *United States v. Ramirez*, 94 F.3d 1095, 1101 (7th Cir. 1996)). Furthermore, the Government "has no obligation to present evidence of the defendant's failure to satisfy the requirements of the safety valve." *Id.* at 606 (citing *United States v. Sanchez*, 475 F.3d 978, 980 (8th Cir. 2007); *Marquez*, 280 F.3d at 24–25).

Defendant argues that the Supreme Court's decision in *Alleyne* alters these principles and requires the Government to prove a defendant's ineligibility for the safety valve. The Court rejects this misapplication of *Alleyne* and holds that even after *Alleyne*, the Government is not required to prove that the defendant is ineligible for the safety valve. Instead, it remains true that the defendant bears the burden of proving, by a preponderance of the evidence, that each of the five safety valve factors is met.

Defendant's specific argument that *Alleyne* requires the Government to prove that a defendant is ineligible for safety valve relief has been soundly rejected by several circuit courts. In *United States v. Harakaly*, the First Circuit held as follows:

> *Alleyne*, by its terms, applies to facts that increase the mandatory minimum. Harakaly suggests that *Alleyne* applies more broadly to any fact that mandates a greater punishment than a court would otherwise have discretion to impose. We do not read *Alleyne* so expansively. *A fact that precludes safety-valve relief does not trigger or increase the mandatory minimum, but instead prohibits imposition of a sentence below a mandatory minimum already imposed as a result of the guilty plea or jury verdict.*

734 F.3d 88, 97–98 (1st Cir. 2013) (emphasis added) (citations omitted). The court further held that:

> Under Harakaly's formulation, safety-valve relief could not be denied at sentencing unless the judge had previously submitted to the jury special verdict questions corresponding to the safety-valve factors, or, in the plea context, the guilty plea expressly recited the absence of one or more factors. This arrangement would put the burden of proof on the government to prove that the safety-valve is inapplicable, but it has long been held that the defendant plainly has the burden of proving, by a preponderance of the evidence, entitlement to relief under [the safety-valve]. This allocation of the burden makes perfect sense; were it otherwise, *the government would be required to disprove the safety-valve factors before the defendant ever expressed intent to seek a sentencing reduction via the safety valve.*

4

*Id.* at 98 (emphasis added). Similarly, the Ninth Circuit held that the denial of safety valve relief "does not increase the statutory maximum or minimum such that *Alleyne* is implicated," and further stated that a defendant has the burden of showing his or her entitlement to safety valve relief by a preponderance of the evidence. *United States v. Lizarraga-Carrizales*, 757 F.3d 995, 998–99 (9th Cir. 2014). Other courts have held the same. *See, e.g., United States v. Jacques*, 555 F. App'x 41, 50 (2d Cir. 2014) (unpublished) ("[N]either *Apprendi* nor *Alleyne* instructs that facts that prevent a defendant from avoiding the statutory minimum penalty authorized by the jury's verdict must also be found by the jury."); *United States v. Juarez-Sanchez*, 558 F. App'x 849, 843 (10th Cir. 2014) (unpublished) ("But the mandatory minimum sentence here was not increased by the finding that Juarez–Sanchez was an organizer or leader. Rather, that finding simply precluded Juarez–Sanchez from using the safety valve in § 3553(f) to avoid the mandatory minimum sentence."); *United States v. Silva*, 566 F. App'x 804, 807–08 (11th Cir. 2014) (unpublished) ("All that changed as a result of the court's finding was that Silva was not eligible for a sentence below that mandatory minimum. As a result, the district court's safety-valve findings did not increase his mandatory minimum sentence as prohibited by *Alleyne*.").

This appears to be an issue of first impression in this circuit. This Court finds the decisions of the First, Second, Ninth, Tenth, and Eleventh Circuits persuasive and holds that that it remains the defendant's burden to prove eligibility for the safety valve by a preponderance of the evidence because the applicability of the safety valve does not implicate *Alleyne*. *See United States v. Aidoo*, 670 F.3d 600, 607 (4th Cir. 2012) (citations omitted). Accordingly, Defendant's Motion for Downward Variance must be DENIED.

## III. CONCLUSION

The Court **DENIES** Defendant's Motion for Downward Variance because the Government does not bear the burden of proving that Defendant is ineligible for the safety valve as the granting or denial of the safety valve does not increase the statutory minimum or maximum sentence under *Alleyne*. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Downward Variance from the Sentencing Guidelines (Doc. 68) is **DENIED**.

**IT IS SO ORDERED.**

**ENTERED** this _6th_ day of November, 2014.

Alexandria, Virginia
11/6/2014

/s/
Gerald Bruce Lee
United States District Judge